HANNAH CUMMINGS, admrx. *vs.* STEPHEN HARRIS.

A man who keeps sheep for a certain period upon a written contract to have such a sum for each, has no lien upon the property for his payment.

This was an action of *trover* for a number of sheep, and was submitted to the jury on the *general issue.* The plaintiff, to support her action, produced a written contract, by which the defendant acknowledged he had received the sheep in question, and was to keep them a certain period, and wash and shear them, and do up the wool, &c. for sixty seven cents a head. The fleeces

were received and indorsed on the contract. The plaintiff then proved a demand of the sheep and the defendant's refusal to deliver them, unless first paid for the keeping. The county court were requested to instruct the jury, that the defendant had no right to retain the sheep until he should be paid for keeping them. The court neglected so to intruct the jury, and a verdict was returned for the defendant. The plaintiff filed exceptions, and the cause was brought to this Court for a hearing and decision upon these exceptions.

ESSEX,
March,
1831.

Cummings, ad.
vs.
Harris.

The action was submitted without argument.

After the Court had considered the case,

HUTCHINSON, C. J., delivered their opinion.—The only question this case presents, is, whether the defendant had a lien upon the sheep, by virtue of which he might lawfully retain them till he was paid for their keeping ; for, if he had no such lien, the plaintiff was entitled to such instructions to the jury, as were requested. The usual cases in which the law creates a lien, are, where the person performing services would have no other sure remedy ; as a blacksmith shoeing a horse for a stranger ; or a watchmaker cleaning a watch for a stranger ; or an innkeeper furnishing entertainment for travellers ; and, where the persons applying for these services are not strangers, the usage of their deal may be such, that the law will create a lien. For instance, the course of their deal may be, that payment for the services is always made before the property is taken away. But where the business is done under a personal contract, the law implies no lien ; but the parties may so form their contract as to create a lien, which the law will enforce. Here was a personal contract ; and no lien was created by the terms of it. Of course, the plaintiff was entitled to her sheep, and the defendant had a right of action to recover his pay for keeping them. But the defendant had no lien upon the sheep for his pay for such keeping. And, because the court did not so instruct the jury, the

Judgement is reversed, and a new trial is granted.

*Cushman*, for plaintiff.

*Fletcher*, for defendant.