## WILLIAM P. WILLS v. SANFORD BARRISTER.

### Replevin. Lien. Parol Evidence.

Where one executes a contract of sale of an article of personal property, but retains the article in his possession in pursuance of the provisions of the contract, he may maintain replevin for the unlawful taking and detention of the same by any other person.

Where a written contract of sale of personal property purports to be an absolute sale, but the transaction is in fact a conveyance by way of security for a debt, with a verbal agreement of defeasance upon paying the debt, this agreement may be shown, and will be effectual to characterize and show the true interest and legal effect of the transfer.

A person has no lien on a cow for her keeping without a special agreement to that effect.

REPLEVIN for a cow. This case was referred, and the referee reported the facts substantially as follows :

The plaintiff and defendant were both shoemakers, and the former had been in the employ of the latter for many years prior to July, 1857, and had occupied a house belonging to the defendant and near the one occupied by the defendant. The plaintiff received of the defendant pay for his work from time to time, principally in articles for the support of his family. The plaintiff bought the cow in November, 1855, and the defendant furnished keeping for her until October, 1857, and charged the plaintiff for the same on his book at different times to the amount of $31.75. The plaintiff had the sole use and management of the cow. In October, 1857, the plaintiff left the defendant's employ and moved out of his house, and when he went for his cow the defendant refused to give her up, claiming to hold her for her keeping. The plaintiff soon after replevied the cow.

The defendant gave in evidence a writing, of which the following is a copy :

"EAST RANDOLPH, August 3d, 1857.

"To whom it may concern. This certifies that I have this day sold to Edward Sprague, Jr., one of the directors of Union Store 164, one three-year old heifer, brownish color, it being the same cow that I now own and milk. Said heifer to be the

property of said Sprague after this date, and to remain in William Wills' possession as long as said Sprague thinks it best. Received payment in full, ten dollars in cash and fifteen dollars in notes and account due the Union Store.'

" (Signed)                                        WILLIAM P. WILLS."

The execution of this writing was conceded.

The plaintiff, Wills, proved by his own and Sprague's testimony, that he, Wills, had always had possession of the cow, and that he had by agreement the right to redeem the cow by paying the $25, and that the writing was intended only as security for the debt. This testimony was objected to by the defendant and admitted subject to the objection. The referee found that the defendant had no special lien on the cow for her keeping. The defendant claimed that there was due him from the plaintiff $31.75, on book account and general dealing, and that, as the keeping of the cow had been charged on his book, he had a right to retain the cow to pay that balance due him. The referee reported that, owing to the improper manner of keeping their books and many discrepances and disagreements of witnesses, he was unable to come to any satisfactory conclusion as to a general balance, or to find that the plaintiff owed the defendant $31.75, or any other sum,—he therefore left their accounts open.

The referee reported that if the plaintiff was entitled to recover at all, he should recover the sum of three dollars damages of the defendant for unlawfully detaining said cow.

The defendant moved to set aside the report, mainly on the ground that the referee did not find whether or not the plaintiff was in fact indebted to the defendant for keeping the cow, and because the defendant had a general lien upon the cow for her keeping, and the referee should have found whether that lien had been discharged. The court overruled the motion,—to which the defendant excepted.

The county court, June Term, 1862, PECK, J., presiding, accepted the report and rendered judgment thereon for the plaintiff,—to which the defendant excepted.

*Wm. Hebard,* for the defendant.

The defendant had a general lien upon the cow for her keeping. He had kept the cow without any agreement as to time or mode of payment, which gives him a right to retain her till paid. *Burdict & Hurlburt* v. *Harvey Murry et al.,* 3 Vt. 302 ; *Sumner* v. *Hamlet,* 12 Pick. 76 ; Am. Com. Law Cases 444, 447, 448, 449, 455 ; 6 Penn. 258 ; 2 Kent's Com. 634 and following ; *Bailey* v. *Quint,* 22 Vt. 474. The legal title to the cow was in Edward Sprague, subject to the defendant's claim upon her for her keeping. If the defendant is not entitled to judgment upon the report, then the report should be set aside.

*C. M. Lamb,* for the plaintiff.

The referee's report negates any express contract for the lien. The defendant had no general lien on the cow for her keeping. *Cummings* v. *Harris,* 3 Vt. 224 ; 1 Swift, Rev. Dig. 538 ; *Loomis* v. *Lincoln,* 24 Vt. 154 ; 2 Kent's Com. 635, note (d) and cases there cited ; Chitty on Contracts 475, note (y). Much less on a general balance. *Allen* v. *Megguire,* 15 Mass. 490 ; *Ladd* v. *Billings,* ib. 15 ; 24 Vt. 153 *supra ; Jarvis, adm'r,* v. *Rogers,* 15 Mass. 389, 414.

BARRETT, J. The Compiled Statute, chap. 33, sec. 14, provides that when any goods of the value of more than twenty dollars, shall be unlawfully taken or unlawfully detained from the owner, or the person entitled to the *possession* thereof, &c., such owner or other person may cause them to be replevied, &c.

One ground of defence in this case is, that the plaintiff was not the owner, nor entitled to the possession of the cow in question, by reason of the contract with Edward Sprague, one of the directors of the Union Store. The contract recited in the report, purports to be an absolute transfer by sale and the receipt of payment therefor, but it provides that the cow "is to remain in William Wills' possession as long as said Sprague thinks best."

The cow, after said contract, remained, and at the time of the taking and detention of her by the defendant, was in the pos-

session of the plaintiff, in pursuance of said provision of the contract,—so that stopping here, it would seem that the plaintiff was so entitled to the possession of the property as to entitle him to maintain replevin for the unlawful taking or detention of her by any other person.

But it was further shown in the case that, though the contract in writing purported an absolute sale, still the transaction was in point of fact a conveyance by way of security for a debt, with an agreement of defeasance upon paying the specified amount of the indebtedness.

This agreement of defeasance was verbal, but it is not claimed, as it indeed could not well be, that such a parol agreement of defeasance might not be shown, and be effectual to characterize and show the true intent and legal effect of the transfer.

In this view, Sprague's title was that of mere mortgagee, and the possession could properly remain in the mortgagor, unless the mortgagee saw fit to take the possession, and thus convert the mortgage into an executed pledge.

The matter of possession was wholly between Sprague and Wills, unless some person had a right to supervene upon the property as being that of Wills, by reason of his retaining the possession, notwithstanding the contract of transfer by Wills to Sprague, or by reason of some right to the property itself as that of Wills which could not be defeated by any disposition that Wills might make of it.

We regard this ground of defence therefore untenable, deeming it clear that Wills' right of possession was ample to entitle him to have this suit against the defendant, provided the taking or detention by the defendant was unlawful.

This brings us to the question, whether the taking or detention by the defendant was unlawful. And this depends on the existence of the lien which he asserted on the cow, as security for the payment for having kept and boarded her for the plaintiff.

If such lien existed it was by force of law applicable to the fact of his having kept and boarded the cow for the plaintiff, for the case negates any lien by reason of any contract in that behalf.

Wills *v.* Barrister.

On this point the burden is on the defendant of establishing the alleged lien, by virtue of which he claims to defend this suit; and in this respect the report of the referee is the only resource.

We can only take cognizance of the facts therein found and reported.

Those facts, in our apprehension, not only fail to serve the defendants purpose, but affirmatively show that he had no lien upon the cow.

1st. The report shows that the keeping of the cow by the defendant, and his payment to others for keeping her, was made matter of charge in a general running account between him and the plaintiff, and this was constantly varying, so that, in March 1856, the defendant was owing the plaintiff about $30. And the referee reports that he is unable to find, upon an examination of the accounts of the parties and the testimony in the case, that upon their accounts, including the charges for keeping the cow, amounting in all to $31.75, there was any balance due to the defendant. Unless it be found that the plaintiff was owing the defendant for keeping the cow, of course there exists no ground for a lien.

There is no debt or charge for which a lien could in any event be asserted,—in other words, there is nothing for which a lien is needed.

This, then, must be conclusive against the defence. It would seem moreover, that the fact itself of the defendant's turning the keeping of the cow into the current of general deal, and putting it in with, and upon the same footing as other matters of charge, having no relation to the cow, upon which he was receiving pay by current credits to the plaintiff, or charges by him, is altogether inconsistent with the idea of an implied lien on the cow, to meet and secure the charges for her keeping.

But there is still another view which is fatal to the defence; and that is, that the law gives no lien on the cow for the agisting thereof. The cases, to which reference was made by the defendant's counsel, establish only that factors, bailees for hire, carriers and inn-keepers, artizans and mechanics, have a lien on the property entrusted to them for expenditures or charges in

respect thereto, or for work expended thereon, and this for reasons peculiar to such classes of persons—none of which reasons exist as to the agistors of cattle.

The case of *Cummings* v. *Harris,* 3 Vt. 244, in the opinion delivered by HUTCHINSON, CH. J., will indicate the law and its reasons on this subject.

And in the note to 2 Kent Com. 365, it is said, "This lien does not extend to agistors of cattle and livery stable keepers, without a special agreement, or the horse be taken for training," and several cases are cited. 1 Sw. Dig. 538, states the law in the same way.

In relation to the exception taken to the overruling of the motion of the defendant to set aside the report, it is sufficient to say, that, so far as the motion was based on matters which were addressed to the discretionary powers of the county court, the decision of the county court is not subject to revision in this court.

So far as the motion was based on matters of law governing the rights and liabilities of the parties in respect to the subject matter of the litigation, the views of the court upon the main case, equally apply to this exception.

On the whole, therefore, we think the judgment should be affirmed.