## LEWIS v. TYLER.

WHERE the law compels a person, such as an innkeeper or common carrier, to take the care and custody of goods, he has a lien on the property for his reasonable and just charges therefor; but one who merely provides food, and takes the care of an animal, as an agistor, or a livery stable keeper, has no lien on the property, unless there is a special agreement to that effect.

APPEAL from the District Court, Fifteenth Judicial District, Tehama County.

The plaintiff recovered judgment in the Court below, and the defendant appealed.

*W. S. Long,* for Appellant.

*W. H. Rhodes,* for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover the possession of certain cattle. The defendant claimed the right to their possession on the following grounds: First, that he seized them while trespassing upon his land, and has a right to hold them until paid the damages caused by the trespass; second, that the plaintiff contracted with the defendant to pasture his cattle for him, and that he has a lien on them therefor, and is entitled to the possession until the lien is paid. No point is made upon the first defense, and it is therefore unnecessary to notice it.

The general principle is, that where the law compels a person, such as an innkeeper, or common carrier, to take the care and custody of goods, he shall have a lien on the property for his reasonable and just charges therefor; and the same rule applies to a person who, by his labor and skill, has imparted an additional value to the goods. (*Grinnell* v. *Cook*, 3 Hill, 491.) But one who merely provides food and takes the care of an animal, as an agistor or livery stable keeper, has no lien on the property, unless there be a special agreement to that effect. (*Grinnell* v. *Cook*, 3 Hill, 491, 492, and cases cited.) An agistor of cattle is under no legal obli-

gation to take the charge of or keep any cattle that may be brought to him for that purpose. He may receive or refuse them, without violating any duty or obligation imposed on him by the law; and he is at perfect liberty, therefore, when he receives stock to keep, to impose such terms and conditions as he may deem proper. And he may require an agreement that he shall have a lien upon the animals for his reasonable charges, or for the agreed price, if he shall deem it necessary for his security. That class of bailees, however, who are required by law to take the charge and custody of, and to keep animals for others, have no right to impose conditions upon those who employ them; and the law, therefore, very properly gives them a lien upon the property for their security. That reason does not exist in the case of agistors of cattle, and therefore they have no lien, except where there is a special agreement. (Edwards on Bail. 279, 280.) It follows, that the claim set up by the defendant is no defense to the action.

The judgment is therefore affirmed.