MONTGOMERY A. REYNOLDS AND HARRIET N. TURNER v.
GEORGE F. CASE.

*Chattel mortgage—Notice of mortgagee's rights for one year from date of
filing—Must be filed in township where mortgagor resides—Lien
for keep of horse, subject to that of a valid prior chattel mort-
gage—Tender of amount of lien need not be made
to entitle mortgagee to possession.*

1. A chattel mortgage is valid, as to creditors and subsequent purchasers
and encumbrancers in good faith, for one year from the date of its
filing in the proper office, at the expiration of which time, unless
renewed, it ceases to be effective as to them: How. Stat. § 6196.

2. To render it constructive notice, the instrument must be filed in the
township where the mortgagor resides at date of its execution: How.
Stat. § 6193.

3. A lien for the keep of a horse is subject to that of a *valid*, prior chat-
tel mortgage, and the mortgagee need not tender the amount of such
lien to entitle him to the possession of the property.

4. A chattel mortgage was filed October 2, 1882, and on July 26, 1883, a
renewal affidavit, sworn to before the township clerk, was filed.
*Held*, that the affidavit was of no force or effect.

Error to Wayne. (Jennison, J.) Argued February 4,
1886. Decided February 10, 1886.

Replevin. Defendant brings error. Affirmed. The facts
are stated in the opinion.

*George S. Hosmer*, for appellant:

The renewal affidavit is invalid. It was sworn to before
the township clerk, and that officer has no general power to
administer oaths. By How. Stat. § 717, certain officers are
required to take the oath of office "before the township
clerk or some other officer authorized to administer oaths;"
but no general power can arise by implication from this sec-
tion. This view is strengthened by How. Stat. § 2473, which
confers on city clerks "the powers of the township clerk, so
far as the same are required to be performed within the city;"
but confers upon them, in express terms, the "authority to

administer oaths and affirmations." The registry of an instrument, not entitled to record, is notice to no one : *Wing v. McDowell,* Walk. Ch. 175; *Dutton v. Ives,* 5 Mich. 515; *Galpin v. Abbott,* 6 Mich. 17; *Farmers & Mechanics' Bank v. Bronson,* 14 Mich. 361; *Briggs v. Mette,* 42 Mich. 12; the failure to file a valid renewal affidavit avoids the mortgage as to creditors and subsequent purchasers, or mortgagees in good faith : How. Stat. § 6196; *Briggs v. Mette,* 42 Mich. 12; the renewal affidavit, to be effectual, must be made and filed within the thirty days next preceding the expiration of one year from date of filing.

*Isaac Marston* and *John Atkinson,* for plaintiffs :

That the mortgage was given at the time it purported to have been, to secure an actual bona fide indebtedness, and was properly filed and renewed, was not questioned on the trial, nor even an attempt made in that direction : *Richardson v. Coddington,* 45 Mich. 338; the claim for a lien for the board and keeping of the horse cannot be sustained. This point would seem to have been settled in *Denison v. Shuler,* 47 Mich. 598, where it was held that the lien of a mortgagee, under a mortgage duly filed, would take precedence of a mechanic's lien for repairs subsequently done at the purchaser's request.

CHAMPLIN, J. In 1882, Charles G. Vaughn, then of Douglas, Montcalm county, Michigan, was indebted to the plaintiffs, who were partners doing business at Stanton under the firm name of Turner & Reynolds, in the sum of $1,000; and to secure the payment of such indebtedness, with interest, on or before the first day of August, 1883, said Vaughn made and executed to them a chattel mortgage upon a certain horse and other personal property. This mortgage bore date July 31, 1882, but was not filed with the township clerk of Douglas until the second day of October, 1882. In the spring of the year 1883, the plaintiffs released from the operation of said mortgage all of the personal property, except the horse in question in this suit, to enable Vaughn to pay other indebtedness than that owing to plaintiffs.

An affidavit was made by Montgomery Reynolds, and filed with the town clerk of Douglas on the twenty-sixth of July,

1883, for the purpose of renewing the validity of the mortgage as notice under the statute.

Before the mortgage debt became due, Vaughn, without the consent of plaintiffs, removed the horse covered by the mortgage from the county of Montcalm, and took the property to Detroit, where he incurred expense for his keep, and on the twenty-ninth day of June, 1883, executed another chattel mortgage upon the horse to Henry Ouellett, to secure the payment of $350. The residence of neither of the parties is given in the instrument, but the property is described as then being at George W. Voorhis' park stables, in the township of Hamtramck, Wayne county, Michigan, and the mortgage was filed the same day in the office of the city clerk of the city of Detroit. This mortgage was assigned on the day of its date by Ouellett to John R. White, and by White to defendant, George F. Case, both of which assignments appear to have been made before the mortgage was filed. A short time after the mortgage was given, Case seized the horse and took it into his possession, under the clause of the mortgage authorizing him to do so whenever he deemed himself insecure, the mortgage debt not then being due. The plaintiffs then demanded the horse of Case under and by virtue of their mortgage; and upon the refusal of defendant to deliver the possession of the horse unless his mortgage debt, and a lien which he claimed to have for its keep, were first paid, the plaintiffs brought this suit in replevin.

Upon the trial, the defendant claimed that his mortgage was entitled to priority over the plaintiffs', because his mortgage was made and filed before the filing of the affidavit of renewal, and because of certain defects claimed to exist in the affidavit which rendered it void.

Whether or not the affidavit of renewal was of any validity, is immaterial. The mortgage was not filed until October 2, 1882, and was effective as notice of plaintiffs' rights as mortgagees for one year from its date. The statute points to the date of filing, and not to the date of the instrument, as the time when it operates as notice to subsequent purchasers and encumbrancers; and it ceases to be effective or

valid after one year from the date of filing, unless renewed as the statute requires. The attempt at renewal, filed on the twenty-sixth day of July, was of no force or effect whatever. The original filing was notice to defendant of plaintiffs' mortgage, which was in full force at the time the second mortgage was made and filed. The defendant's mortgage, to have been of any avail as against creditors or subsequent purchasers or encumbrancers, should have been filed in the township of Douglas, where the mortgagor resided.

The lien for the keep of the horse could not prevail over a valid, prior chattel mortgage, and plaintiffs were not obliged to tender the amount of such claim for keeping the horse before they were entitled to his possession.

What the plaintiffs did with the horse after they obtained possession, could have no bearing upon the validity of their mortgage, and their right of possession under it, and the inquiry in this direction was rightly excluded.

The only other errors alleged relate to the charge of the court, and the rulings upon the admission or exclusion of testimony. A discussion of the errors assigned upon them is not needful, as upon a careful examination of them we discover no error in such rulings or charge. The judgment must be affirmed.

The other Justices concurred.