## NOAH TITTEMORE AND WIFE *v.* JOHN LABOUNTY.

### *Replevin. Gift. Executor and Administrator.*

1. A right to the possession of property is sufficient to maintain replevin against one who has neither title nor such right; thus, where either the plaintiff's wife was the owner, or her father's estate was, whose administrator told the plaintiff husband to take it for his wife, they can maintain replevin against one without title or right of possesssion.

2. And in such case, it is not necessary to decide whether there was a valid gift of the property from the father.

REPLEVIN for a colt. Heard by the court, September Term, 1887, VEAZEY, J., presiding.

Judgment for the defendant for a return of the property. The plaintiffs claimed the colt was the property of the plaintiff wife, who was the daughter of Alpheus Harding, who deceased in 1884. The said plaintiff husband testified that said Alpheus gave the colt to his wife. The court found: There was other evidence, not objected to and undisputed, tending to show a gift of the colt by the said Alpheus to his said daughter, but without any delivery of the same to her; upon this latter evidence alone, the court find the fact of a gift, without delivery of possession, and that it was understood in the family of the said Alpheus and by the brothers of the said Florence E. this colt was given to said Florence and belonged to her.

In the administration of the estate of the said Alpheus, it became necessary to sell the personal property of the estate, and when the administrator was making up a list of the personal property for sale, said Frank Harding, a brother of Florence, offered to take the colt and keep it for her.

The administrator understood that the colt had been given to said Florence as aforesaid, and thought if the colt was hers he did not want anything to do with it, and so let Frank take it upon his offer to do so.

He gave no permission to Frank to sell the colt, and did not expect he would sell it, but that he would keep it for his sister, if it should turn out that she had a legal right to have it.

Frank afterwards sold the colt to the father of the defendant, and the father subsequently sold it to the defendant.

When the father bought it he had been informed that the colt belonged to said Florence, and so told Frank Harding, but Frank denied this, and said the colt had always been his.

*Crane & Alfred*, for the plaintiffs.

*Edwards & Burke*, for the defendant.

The opinion of the court was delivered by

Ross, J. On the facts found, Frank Harding had no authority to sell the colt to the defendant's father. Hence, the father obtained no title to the colt by the purchase and conveyed none by his sale to the defendant. The defendant, therefore, held the colt at the time this suit was brought, without title or right to its possession.

The title to the colt and right to its possession at the time were either in the plaintiff wife or in the estate of her father, Alpheus Harding. For the purpose of this suit it is unimportant to determine in which the title and right of possession existed. If they were in the estate, the administrator of the estate authorized the plaintiff husband to take possession of the colt for and in the name of the plaintiff wife. Hence, the plaintiff wife had the right to the possession of the colt, if the title was then in the estate. Right to the possession of the colt against the defendant was all that the plaintiffs were obliged to show to entitle them to maintain the suit. 30 Vt. 399 ; 36 Vt. 220 ; 41 Vt. 6.

The only contention made by the defendant's counsel in their brief is that, inasmuch as Alpheus Harding never delivered the colt to the plaintiff, Florence E., the gift remained

Tittemore *v.* Labounty.

executory and inoperative to convey the title. It is elementary and abundantly supported by the authorities cited by the defendant's counsel, that to creat a valide gift of personal property, *inter vivos*, the possession of the property must be transferred to the donée in person, or to some one other than the donor, for the donee, and that the donor's statement, however clear and strong, that he gives the property, legally amounts to no more than a promise to give, wholly insufficient to transfer the title from the donor to the donee. But, as we have already said, the determination of this question is immaterial; for if the title still remained in the estate, the administrator had authorized the plaintiff husband to take possession of the colt for and in the name of his wife, which is ample to entitle the plaintiffs to maintain the suit against the defendant who has neither title nor right to possession. The other questions raised on the trial have not been insisted upon. The judgment of the County Court is reversed, and judgment rendered for the plaintiff for one cent damages and their costs.