## M. H. PELTON *v.* JOHN F. DRAPER.

*Husband and Wife. Replevin.*

Where the husband and wife together own a farm and stock, of which the wife entrusts the entire management to the husband, who leases it, reserving a lien on the increase of the stock to secure the performance of the conditions of the lease, such increase cannot be attached upon the debts of the tenant, and the husband may in his own name replevy it from the officer who has so attached it.

This was an action of replevin under R. L., s. 1230, brought to replevy one single wagon, and the undivided half of one bull and eight heifers, taken by the defendant as deputy sheriff on two executions against one Flood. It appeared that during the summer of 1885 Flood had desired to purchase the wagon in question, and had applied to the plaintiff to sign a note with him as surety for the purchase money. This plaintiff refused to do, but bought the wagon himself, and gave his own note for it, allowing Flood to use it. The title of the plaintiff to the remainder of the property sufficiently appears in the opinion.

The issue was tried by the court, September Term, 1888, Taft, J., presiding, which found that the wagon was the sole property of the plaintiff, but that the cattle were the sole property of the wife, and rendered judgment that the defendant is guilty as to the wagon, and that the plaintiff recover one cent damages and his proportion of the costs. And further rendered judgment that the cattle be returned to the defendant. Exceptions by both parties.

*Furman & Ayers,* for the plaintiff.

One having the mere rightful possession of property can maintain replevin.

The husband in this case had the right to the use of his wife's interest in this real estate. *Bowen and wife* v. *Amsden,* 47 Vt. 569; *Smith* v. *Fitzgerald,* 58 Vt. 451.

If he had not as a matter of law, clearly she might give to him such use, and she did so here. *White and wife* v. *White*, 47 Vt. 508; *Sprague & Car* v. *Clark*, 41 Vt. 6.

*Powell & Brown*, for the defendant.

The plaintiff could not maintain replevin. He was neither the owner, nor possessor, nor entitled to the possession. R. L. s. 1230; 34 Vt. 169.

The opinion of the court was delivered by

TYLER, J. The case shows that the plaintiff owned an interest in the farm and stock, and that his wife, who owned the greater interest therein, gave him the entire possession and management of the same; that for several years prior to the bringing of this suit the plaintiff had leased the property; that Flood became his tenant in the spring of 1885, under a written lease, by the terms of which he and the tenant were to divide the products of the farm and stock equally between them, provided, however, that all such products were to remain the plaintiff's property until Flood had fully performed all the stipulations in the lease on his part to be performed; that since the spring of 1887 Flood had not been able to perform his stipulations, and the plaintiff had been obliged to go upon the farm, hire help and perform labor, for which Flood owed him about $130 when this suit was brought, and that by the terms of the lease the plaintiff had a lien on the stock and a right to have it remain on the farm until this sum was paid.

Clearly upon this statement of facts Flood had no attachable interest in this property. Performance of the conditions in the lease was a condition precedent to his acquiring title, and until such performance the plaintiff was in the lawful possession, and could not be disturbed therein. The tenant's possession was his possession. *Tittemore* v. *Labounty*, 60 Vt. 624; *Chaffee* v. *Harrington*, 60 Vt. 718.

*Judgment reversed and for the plaintiff for all the property sued for, nominal damages, and costs.*