Lazarus v. Moran.

SAMUEL LAZARUS, Respondent, v. CHARLES MORAN et al., Appellants.

St. Louis Court of Appeals, December 24, 1895.

Chattel Mortgage: PRIORITY OVER SUBSEQUENT LIEN FOR KEEP OF HORSES. The statutory lien for the keeping or training of a horse is subordinate to a prior mortgage of the animal, unless it was incurred with the consent of the mortgagee.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*C. P. & J. D. Johnson* and *Virgil Rule* for appellants.

When plaintiff, as shown by the mortgage, contracted with defendant Moran, "that the horses should remain in Moran's possession," he made his contract subject to the provisions of sections 6730 and 6731 of

the statutes.   *Smith v. Stevens*, 36 Minn. 304; *Case v. Allen*, 21 Kan. 217; *Vette v. Leonori*, 42 Mo. App. 224, 225; *Johnson v. Hill*, 3 Starkie, 172; *Williams v. Allsup*, 10 C. B. (N. S.), and 100 Eng. Ch. Rep. 416; *Scott v. Delahunt*, 5 Lansing, 372; *Hammond v. Danielson*, 126 Mass. 294; Jones on Chattel Mortgages, 473-475.

*T. J. Rowe* for respondent.

ROMBAUER, P. J.—The action is replevin, and the contest one between a mortgagee of certain horses, who is the plaintiff in the action, and the mortgagor, and the keeper of the horses, who are the defendants herein. The trial of the cause by the court without a jury resulted in a judgment for the plaintiff.   The errors assigned by the defendants and relied on for reversal are that the verdict is against the evidence, and contrary to the instructions given by the court.

The evidence offered by plaintiff tended to show that he had a valid chattel mortgage on the horses, and that this mortgage was given when the horses were in the mortgagor's possession.   The debt secured by the mortgage was $1,750.   The mortgagor took the horses first to Chicago, and from there to Hot Springs. While at Hot Springs his money gave out, and he placed the horses into the possession of his codefendant, Spink, who kept them long after the maturity of the mortgage, and who claimed in this action a lien for their keep and training exceeding in amount the entire mortgage debt.   There was no evidence in the case that the horses were placed into the possession of defendant Spink with plaintiff's consent.

The Kansas City court of appeals in a well considered opinion decided that a liveryman's lien is inferior to that of a prior chattel mortgage, when the lien

was incurred without the mortgagee's consent. *Stone v. Kelley*, 59 Mo. App. 214. Such consent may be implied from the fact, that at the date of the mortgage the animals were in the keeping of the liveryman. Such, however, was not the case here. The mortgagor kept his own stable, and the horses did not pass into the hands of another keeper until long after the execution of the mortgage. In *Winn v. Thomas*, 55 N. H. 294, the learned judges delivered their opinion *seriatim*, vindicating the rule as stated in 59 Mo. App., *supra*. We took substantially the same view of our statute in *Pickett v. McCord*, 62 Mo. App. 467.

"The purpose of a mortgage is to furnish security, and the property is usually left with the mortgagor for his convenience, with an understanding that nothing shall be done or permitted by him to impair the security. An agreement which will defeat the purpose of the transaction should not be inferred or implied against a mortgagee without very cogent evidence." *Ingalls v. Vance*, 61 Vt. 585. The cases of *Howes v. Newcomb*, 146 Mass. 76, *Hanch v. Ripley*, 127 Ind. 151, *Reynolds v. Case*, 60 Mich. 76, *Easter v. Goyne*, 51 Ark. 222, and *McGhee v. Edwards*, 87 Tenn. 506, are directly in point. The contrary decision of BREWER, J., in *Case v. Allen*, 21 Kan. 217, can be upheld only on the peculiar phraseology of the Kansas statute, which enables any one *in lawful possession* to create such a lien.

The exceptional superiority on an innkeeper's lien rests upon the principle that he is by law bound to receive a guest and his goods, and the distinction between such a lien and the statutory lien of a liveryman is very clearly pointed out in *Small v. Robinson*, 69 Me. 425. A case like the one at bar must not be confounded with that class of cases in which a mortgagor, left in possession of a chattel and not himself an artifi-

cer, subjects property to an artificer's lien for repairs which are *indispensable* to its preservation. This distinction is well shown in *Howes v. Newcomb, supra,* which distinguishes that case from *Hammond v. Danielson,* 126 Mass. 294, one of the cases relied on by appellant.

As all the evidence offered by the defendants was admitted, except a record which was clearly irrelevant being *res inter alios acta,* and as no complaint is made either of the admission of any evidence or of the instructions, we might with propriety have affirmed the judgment on more technical grounds. We deem it proper, however, to affirm it on the merits, as we desire to be understood as fully agreeing with the decision of the Kansas City court of appeals in *Stone v. Kelley, supra.*

All the judges concurring, the judgment is affirmed.