SAMUEL MILLER, Respondent, v. EDWARD CRABBE, Appellant.

Kansas City Court of Appeals, May 18, 1896.

1. **Liveryman's Lien**: CHATTEL MORTGAGE : PRIORITY. The lien of a chattel mortgage is superior to the subsequent lien of a liveryman for keeping the mortgaged horses.

2. ——: ——: ——: AGENT OF MORTGAGEE. Where, as in this case, the mortgagee appears from the facts and the circumstances to have known the mortgagor would have to hire the feeding of the horses, the liveryman's lien is superior.

*Appeal from the Bates Circuit Court.*—HON. JAS. H. LAY, Judge.

AFFIRMED.

*Templeton & Hales* for appellant.

If, after a chattel mortgage on horses has been duly executed and recorded, the mortgagor places the horses in a livery stable, the statutory lien of the keeper of such stable for feed for the horses will not take precedence of the mortgage, unless by agreement on the part of the mortgagee. *Story v. Patton*, 61 Mo. App. 12; *Pickett v. McCord*, 62 Mo. App. 468.

*Geo. P. Huckeby* for respondent.

(1) The fact of a public statute giving a lien for the feed and keeping of stock was public notice to the appellant of equal force with the public record notice to the respondent, so that when appellant knew that a lien was about to be run upon property on which he had any claim whatever, it was his duty to call attention to that fact, and when he did not do so, he was bound by the legal consequence of his own laches. (2) Appellant's knowledge of all the facts in the case at the time Adams placed the horse in respondent's barn, without objection, was an acquiescence and tacit assent thereto, as binding upon appellant as if made in express terms.

GILL, J.—This is an action to recover possession of a horse. Plaintiff, as the keeper of a livery and feed stable, asserts the right to enforce a lien under the statute (sec. 6730, Revised Statutes, 1889) for the care and feeding of the horse, while kept in his barn by the order of one Adams, the owner. Defendant bases his claim on a prior chattel mortgage executed by Adams. The point in the case is, who has the superior lien? The circuit court decided in favor of

plaintiff, the liveryman, and the defendant mortgagee appealed.

.It may now be considered the settled rule in this state that the rights of a prior mortgagee will take precedence over the subsequently acquired lien of the livery stable keeper, or agister, unless the lien of the latter was created by the consent of the mortgagee. *Stone v. Kelly*, 59 Mo. App. 214, and authorities cited; *Lazarus v. Moran*, 64 Mo. App. 239.

This assent of the mortgagee may be implied by the circumstances of the case. In the well considered case of *Hawes v. Newcomb*, 146 Mass. 76, it is said: "Undoubtedly an implied consent will answer the requirements of the law, and in every case of this kind the inquiry is whether such implied consent is proved. That depends, where animals are left with a mortgagor by the mortgagee, not only on the terms of the express contract in relation to them, but also upon all the circumstances surrounding the transaction, indicating the expectation of the mortgagee as to the management of them by the mortgagor. If from these, the mortgagee may be presumed to have understood that the mortgagor would take them to a stable keeper to be boarded, and no objection was made, such consent should be implied, otherwise it should not. * * * The real question is, whether he (the mortgagee) has reason to believe, and does believe, that they (the horses) are to be boarded at a livery stable, or kept by any one else than the mortgagor." See, also, Pingrey Chat. Mortg., sec. 730, and authorities before cited. Also *Pickett v. McCord*, 62 Mo. App. 467.

The facts of the case in hand clearly establish the authority of the mortgagor to create the lien. The evidence shows that about the time the mortgage was executed, the owner, Adams, took the animal to plain-

tiff's stable and left him there to be fed and cared for; that the.defendant mortgagee knew of it and tacitly assented to the arrangement; that he went to the stable and inquired as to the cost of the keeping and made no objection thereto. The testimony satisfactorily shows that it was within the understanding and intention of the parties at the time that the mortgagor would hire the horse's board from other parties, and that he would not in person keep and feed the animal.

Under this state of facts, and in the light of law before mentioned, the judgment was manifestly for the right party and will be affirmed. All concur.